## Case No. 15,725.
### UNITED STATES v. MARSELIS.
[2 Blatchf. 111, note.] [1]

District Court, S. D. New York. March, 1848.

LARCENY FROM MAIL—POST-OFFICE EMPLOYE.

[Act 1825, § 22, providing for the punishment of "any person" who "shall steal the mail," applies to a post-office clerk who steals a letter, or package containing a letter, from the post office, or takes away and embezzles such letter or package.]

[Indictment of Nelson C. Marselis, a post-office clerk, for taking from the post office a packet inclosing a letter.]

BETTS, District Judge. The United States attorney claims to sustain the indictment in this case solely under the twenty-second section of the act of 1825. It is, therefore, unnecessary to examine the provisions of the twenty-first section, to determine whether they comprehend the state of facts charged against the defendant. The cardinal objection urged against the indictment is, that congress, in sections 21 and 22 of the act, intended to range offenders against the post-office law into two classes,—one class consisting of persons employed in the post office, or entrusted with the custody or transportation of the mail; and the other of

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

strangers, standing in no relation of trust or confidence to the mail or the post office. If this position is sound, the defendant cannot be prosecuted under the twenty-second section; and, even if his offence falls within the twenty-first section, yet, the indictment not being framed on that section, he must be acquitted. The words of the twenty-second section embrace all persons. The terms are the most ample that could be employed: "If any person shall steal the mail." Now, although, in the construction of statutes, language will be understood in relation to the subject-matter, and general terms may be restricted to a very limited signification, yet the rule is, to take words in their fair and natural import, unless there be something indicated by the legislature showing an intention to employ them in a qualified sense. That intention is inferred in this case, because the twenty-first section is supposed to have designated every offence for which those employed in the post office are subject to criminal punishment, and to have imposed on them special and aggravated penalties therefor. But, whatever force the argument might have under other circumstances, it cannot be received as of controlling weight here, because the particular offence of stealing a mail or a packet or letter from the post office, does not appear to be provided for in the twenty-first section. In that respect, therefore, the twenty-second section introduces a new crime, and then the legislature, in subjecting to punishment every person who commits it, must be understood to have used the language in its broadest sense. The offence is not one of a special nature, to be committed only by a particular class of persons, but it can be committed equally by every one who gains access to the mail or the letters, whether he is employed in the post office or is an intruder there. As the enacting clause in the twenty-second section plainly includes in terms the case of a clerk in a post office who steals a letter or packet, there must be clear ground shown for excepting him from its operation. This rule of interpretation is familiarly applied in the exposition of statutes, and has the solemn sanction of the supreme court of the United States. U. S. v. Fisher, 2 Cranch [6 U. S.] 358. The case of U. S. v. Pearce [Case No. 16,020], was an indictment under both of these sections against a person who held the appointment of assistant postmaster. The court, in delivering its opinion, examined with considerable minuteness the provisions of the law, and intimated no doubt that the defendant was subject to indictment under both sections, if proper facts were proved against him; but it held him not chargeable for stealing letters under the twenty-second section, because he had taken them away without a felonious intent, claiming a legal right to take them from the mail or post office on his appointment as deputy or assistant, al-

though that authority had been revoked by the postmaster.

My opinion is, that the defendant is subject to indictment for an offence under the twenty-second section of the act, and that the offence is consummated by stealing a letter, or packet containing a letter, from the post office, or by taking away and embezzling such letter or packet. It is for the jury to determine whether the act is proved to have been done, and also the intent with which it was done, whether such intent be found on the proof of extraneous facts, or be implied and inferred from the act itself.

